UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT MARTIN, | ) | CASE NO. 3:06 CV 2039 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| OHIO ADULT PAROLE AUTHORITY, | ) | |
| | ) | |
| Respondent. | ) | |

On August 24, 2006, petitioner Robert Martin filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2241. Mr. Martin is incarcerated in an Ohio penal institution, having been convicted of murder. For the reasons stated below, the petition is denied and this action is dismissed.

## Background

Mr. Martin's petition is very brief and contains few facts. He was convicted of murder prior to October 1980. Although he does not indicate the total length of his sentence, he does state that he has served ten years and remains incarcerated. He claims that he and others like him are "entitled to furlough and shock parole under A.R. § 5120-02-10(I)(3.4), if they are

convicted of murder, a first time offender, served 10 years, and were convicted prior to October 1980." (Pet. at 1.) He indicates he has been denied a parole hearing in violation of the Fourteenth Amendment Due Process Clause. He claims the Ohio Adult Parole Authority ("OAPA") is "violating the Separation of Powers Doctrine and Art. I, § IV of the Ohio Constitution," and have denied him Equal Protection under the Fourteenth Amendment of the United States Constitution. (Pet. at 2.) He claims the OAPA has no authority to lengthen the minimum sentence imposed upon a prisoner and has no authority to require a prisoner to serve the maximum term of his sentence. Mr. Martin claims he is entitled to immediate release and "restitution of lost property/wages and salaries." (Pet. at 2.)

## Analysis

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). Furthermore, the petitioner must present his claim to the state courts as a federal constitutional issue, not merely as an issue arising under state law. Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984).

Although Mr. Martin filed this petition under 28 U.S.C. §2241, he does not evade the requirements imposed by § 2254. The Sixth Circuit has concluded:

> If a state prisoner has been convicted in state court, is thereby

2

> incarcerated. and then files a § 2241 petition complaining about the condition or circumstances of that incarceration, then logic tells us that the person is detained because of a process issued (a conviction) by a state court. When it is clear that the detention results from a state court conviction, the habeas petition arises from the genesis of custody--the state conviction.

<u>Greene v. Tennessee Dep't of Corrections</u>, 265 F.3d 369, 372 (6th Cir. 2001); see <u>James v. Walsh</u>, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254."). A petition for habeas relief pursuant to § 2254 is proper as long as the original cause of incarceration was the judgment of a state court. A prisoner also may bring an action pursuant to § 2241, but this change of statute does not change the nature of the action:

> [W]hen a prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.) Indeed, . . . § 2254 was the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings . . . .

<u>Greene</u>, 265 F.3d at 371 (quoting with approval <u>Walker v. O'Brien</u>, 216 F.3d 626, 633 (7th Cir. 2000)). Thus, Mr. Martin may bring his petition pursuant to § 2241 as well as § 2254, but he must comply with the exhaustion requirements of § 2254 in either case. See <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991)(requiring state prisoner bringing a federal habeas action to show that he exhausted available state remedies); <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986)(concerning a § 2241 petition filed by a state prisoner).

Mr. Martin, however, has failed to provide any indication that he has exhausted his

state remedies. He attaches to his complaint, the first page of a three page docket sheet from the Franklin County Court of Common Pleas. The case, no. 01CVH02 1441, was filed by Mr. Martin against the OAPA. He also attaches a copy of a request for admissions sent to "Mrs. Ghee" and a copy of a request for admissions sent to Raymond Capots. The copies submitted were not completed by either of these parties. There is no copy of the complaint that was filed in the action, no indication of the claims that were asserted, and no suggestion of the outcome of the proceedings. Moreover, there is no indication that he appealed his decision to the appropriate court of appeals or the Ohio Supreme Court. Without this information, this action cannot proceed.

Normally, petitioner's failure to exhaust state court remedies requires dismissal of the entire petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982)(holding that a federal district court must dismiss a state habeas petitioner's writ containing both unexhausted and exhausted claims). However, where "the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion," exhaustion may be excused. Cain v. Redman, 947 F.2d 817, 820 (6th Cir. 1991). Because the Court finds that the instant petition is plainly meritless, exhaustion is excused.

As an initial matter, Mr. Martin has no constitutional right to parole or furlough. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). The Ohio statutes which provide for parole do not create a protected liberty interest for due process purposes and the decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority. Jago v. Van Curen, 454 U.S. 14, 20 (1981). Mr. Martin has no constitutional right to be released at his earliest parole eligibility date

or at any time prior to the expiration of his maximum sentence. Id.

In addition, Mr. Martin claims, without any explanation, that he was denied equal protection under the Fourteenth Amendment of the United States Constitution. His claim is stated solely as a legal conclusion. He does not indicate how or why that particular constitutional provision applies to his case, or why he believes he is the victim of disparate treatment. He does not even suggest to which classification he belongs or the manner in which those individuals in his group are being treated differently than others who are similarly situated. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Finally, Mr. Martin's remaining claims are a matter of state law. As noted above, a writ of habeas corpus is available only if a petitioner is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254. Habeas relief cannot be granted for violations of state law.

5

## Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. Fed.R.App.P. 22(b).

IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2006